## Sacavage v. Horvath

*Robert B. Sacavage,* for plaintiff.
*Louis J. Horvath,* pro se.

RANCK, *J.,* February 5, 1985—On January 22, 1985, plaintiff filed an action for declaratory judgment. Defendant joined in the action. Both parties agreed that no hearing was necessary.

The issue presented by this action is "Whether the District Attorney, pursuant to Section 446 of the County Code, under the foregoing facts and circumstances, may authorize assistant district attorneys, other than the first assistant district attorney, to attend training sessions and seminars at the annual convention of the Pennsylvania District Attorney's Association at the expense of Northumberland County?" The issue involves statutory interpretation.

The problem arises due to the seemingly inconsistent language of two sections of the county code. Section 442 of the code, 16 P.S. §442, provides that only the first assistant district attorney may attend the annual meeting of their association with the dis-

trict attorney. Section 443 of the code, 16 P.S. §443, provides for the payment of expenses by the county at such meetings. On the other hand, Section 446, 16 P.S. §446, states that the county commissioners may authorize any county official and his employees to attend meetings of professional associations and organizations at county expense. A careful reading reveals no real inconsistency.

1 Pa. C.S. §1932 provides that where statutes or parts of statutes relate to the same persons or things, they should be construed together if possible. Royal Indemnity Co. v. Adams, 309 Pa. Super. 233, 455 A.2d 135 (1983). Sections 442 and 446 of the county code do relate to the same thing and can be construed together.

Section 442 authorizes only the first assistant district attorney to attend annual meetings with the district attorney. Section 446 authorizes any employee to attend such meetings. The difference between these two sections is that 446 requires the county commissioners to authorize the attendance by resolution, and 442 requires no such resolution. It is presumed that the general assembly meant to prevent abuse of attendance at annual meetings by requiring the commissioners to approve attendance when more than the first assistant plans to attend. As long as an appropriate resolution has been adopted by the county commissioners, any employee may attend meetings of professional associations and organizations as well as training or study sessions.

In the case at bar, a resolution was adopted by the Northumberland County Commissioners on November 9, 1984. This resolution authorized the district attorney and members of his staff to attend meetings of their professional associations and organizations and study or training sessions. Funds for such meetings were provided for in the annual

budget. Because an appropriate resolution was passed by the county commissioners, attendance by any member of the district attorney's staff was proper and should be paid for out of budgeted funds.

Therefore, we enter the following

## DECREE NISI

And now, February 5, 1985, after review and consideration of the action for declaratory judgment filed by plaintiff and joined in by defendant, it is determined that:

1. Section 442 of the county code authorizes attendance by the first assistant at annual meetings.

2. Section 446 of the county code requires authorization by resolution of the county commissioners for attendance of employees other than the first assistant.

3. An appropriate resolution was adopted by the Northumberland County Commissioners.

4. Funds were budgeted for such meetings.

Therefore, it was proper for the district attorney to authorize employees other than the first assistant to attend meetings and training sessions during 1984. Expenses arising from such attendance shall be paid out of the proper budgeted funds.